## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| | ) | |
| CONSUELO JORDAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  11-1486 (JDB) |
| | ) | |
| PAUL QUANDER, *et al.,* | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FEDERAL DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Federal Defendants hereby move to dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted.  Plaintiff's claims under Title VII are untimely and she has failed to exhaust her administrative remedies.  Plaintiff's remaining allegations fail to state any cognizable claim.  For these reasons, Plaintiff's claims against Federal Defendants should be dismissed.

## FACTUAL AND PROCEDURAL BACKGROUND

This lawsuit centers around a former federal employee who was terminated from her position with the Pretrial Services Agency ("PSA"), an independent federal executive branch agency within the Court Services and Offender Supervision Agency for the District of Columbia

1

("CSOSA")[1], for unacceptable performance.  Plaintiff previously filed a civil action pursuant to Title VII, and now appears to attempt to re-litigate that action, again asserting that her termination was improperly motivated by discriminatory animus, and that she was retaliated against for filing an EEOC complaint against the agency.  Plaintiff additionally purports to bring new allegations of retaliation against her former employer, and seeks further relief under 42 U.S.C. § 1983.  Plaintiff further alleges that Federal Defendants have harassed, threatened, and attacked her, and have violated her property rights under the Fifth Amendment to the United States Constitution[2].

## I.    Plaintiff's Prior Civil Litigation and  EEO Activity

By formal complaint dated August 2000, Plaintiff, then an employee with CSOSA, filed an administrative EEO Complaint against a CSOSA official.  On November 2, 2001, Plaintiff was terminated from her position as a Pretrial Services Officer with PSA due to unacceptable work performance.  Exhibit A[3]  at 4.  On January 8, 2002, Plaintiff filed a new EEO Complaint, alleging that her termination from PSA was a result of (1) discrimination on the basis of her race, and (2) retaliation for her August 2000 EEO activity, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e *et seq*.  *Id.* at 1.  Specifically, Plaintiff alleged that her supervisor made racially discriminatory comments towards her, and further, that CSOSA should have considered her a permanent employee rather than a probationary employee subject

---

[1] CSOSA is an independent federal executive branch agency authorized under Section 11233 of the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. Law 105-33, 111 Stat. 748, as codified at D.C. Code § 24-133 *et seq.*

[2] Plaintiff is proceeding *pro se* in this matter. Thus, the Amended Complaint must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[3] Exhibit A, EEOC Decision in *Jordan v. CSOSA*, EEOC No. 100-A2-8158X, is attached  hereto as Attachment 3.

to termination. *Id.* at 6-7. The EEOC Administrative Law Judge granted summary judgment in favor of CSOSA, finding that Plaintiff raised no issues of material fact or credibility warranting a hearing. *Id.* at 8. On June 20, 2003, CSOSA issued a final administrative action dismissing Plaintiff's EEOC complaint. Exhibit B[4] at 1.

On September 16, 2003, eighty-eight (88) days after the final agency action, Plaintiff, represented by counsel, filed a civil action in the United States District Court for the District of Columbia against Paul Quander, then the Director of CSOSA, asserting discrimination and retaliation claims under Title VII, as well as a claim under 42 U.S.C. § 1983. Exhibit C[5] at 1. Upon completion of discovery, Defendant Quander filed a Motion for Summary Judgment. Exhibit D, Docket No. 9[6]. Prior to the Court's ruling on Defendant's dispositive motion, Plaintiff submitted two letters to the Court seeking to amend her filings. *See Id.,* Docket Nos. 14 and 15. Upon reviewing the letters, the Court found Plaintiff no longer wished to pursue the action, and on April 11, 2006, following a hearing, dismissed the case without prejudice. *Id.*, Minute Entry Order dated 4/11/2006. Nearly one year later, on March 9, 2007, Ms. Jordan petitioned the Court to reopen her case. *Id.*, Docket No. 16. The Court denied the request, citing Ms. Jordan was represented by counsel at all times, and that she lacked a legitimate reason for renouncing her prior voluntary dismissal. Exhibit E[7].

---

[4] Exhibit B, letter from CSOSA to Plaintiff constituting Final Agency Action, is attached hereto as Attachment 4.
[5] Exhibit C, Complaint filed in *Jordan v. Quander* ("*Jordan I*"), Civil Action No. 03-1926 (RMC), is attached hereto as Attachment 5.
[6] Exhibit D, Docket Sheet for Civil Action No. 03-1926 (RMC) is attached hereto as Attachment 6.
[7] Exhibit E, Order Denying Plaintiff's Motion to Reopen Case for Civil Action No. 03-1926 (RMC) is attached hereto as Attachment 7.

Plaintiff filed four additional lawsuits in this Court between February and November

2005, alleging various claims against CSOSA and individual CSOSA or PSA employees[8].

## II.    Plaintiff's Present Cause of Action

Plaintiff filed her original Complaint in Superior Court on August 10, 2011. *See* ECF No.

1 Doc. 1 at 4 (Compl.).  Federal Defendants removed the action to this Court on August 18,

2011, and subsequently filed a Motion to Dismiss the Complaint on August 31, 2011. *Id.*; ECF

No. 3.  Plaintiff filed an Amended Complaint and large additional attachment with leave of Court

on October 14, 2011.  *See* ECF Nos. 6, 8. In her Amended Complaint, Plaintiff named four

individuals as defendants, only three of which are or were employees of CSOSA: Paul Quander,[9]

Jasper Ormond,[10] the former Interim Director of CSOSA and currently the Associate Director of

Community Justice Programs for CSOSA, and Susan Shaffer, the Director PSA.  Plaintiff now

purports to bring this action against Federal Defendants in their official capacities and seeks

damages under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1983, and the Fifth

Amendment to the United States Constitution.  ECF No. 6.  Among her many allegations,

Plaintiff specifically asserts that "she was discriminated against due to her race and that she was

retaliated against for filing an EEO Complaint," that her civil rights were violated under Section

1983 "in that she was [a] federal permanent employee and judicial officer who was only afforded

the rights of probationary employee," and that "her property rights have been violated" under the

---

[8] *See Jordan v. Quander,* Civil Action No. 05-00281 (RMC)(dismissed as conceded pursuant to LCvR 7(b)) ; *Jordan v. Tiggs,* Civil Action No. 05-1706(RMU)(dismissed for failure to prosecute); *Jordan v. Quander, et al.*, Civil Action No. 05-1883(RMU)(dismissed as conceded pursuant to LCvR 7(b)); *Jordan v. CSOSA, et al.*, Civil Action No. 05-2144(RMU)(dismissed as conceded pursuant to LCvR 7(b)).
[9] Mr. Quander's last day of service with CSOSA was on June 30, 2008.
[10] Defendants note that Plaintiff's original Complaint and Amended Complaint incorrectly identify one named defendant as "Jasper Omar."  Defendants only surmise that Plaintiff intended "Jasper Ormond."

4

Fifth Amendment. *Id.*, at 2.  Plaintiff further alleges PSA "discriminated against [her] with race, sex, religion, age, employment," ECF No. 8 at 2, threatened her with termination, and "placed neighborhood signs and played on the internet in 2003 to stop her from federal position, Benefits, and Employment."  ECF No. 6 at 2.  Plaintiff additionally asserts that Defendants Quander and Ormond harassed her and "watche[ed] her dress through MPD phone lines," ECF No. 8 at 1, "slip[ed] allegations of disrespect in plaintiff file, due to discrimination[,] . . . discriminated against brother's career in professional basketball and degrees in Education," and "attacked plaintiff in her home, due to Sexual Harassment charges being filed against DC Pretrial Services Agency, due to police reports of her having an assault." ECF No. 6 at 6, 8.  Plaintiff further alleges that "[o]n daily basis, Pretrial Services Agency and [PSA Employee] Demon Tiggs[11] . . . brought girls in to the office to assault, steal money, and fight for competitive service," and that "Robin Gant and Demond Tiggs were following her around at PSA . . . stealing her cases, attacking, and copying KSA's, and investigations." ECF No. 8 at 3.  Ms. Jordan asserts she "was assaulted with injuries, due to threats for being assaulted here in DC in her field of Criminal Justice," yet she does not specify what her injuries were or who allegedly inflicted them[12]. *Id.*

---

[11] In August 2005, Plaintiff filed suit against Demond Tiggs in the Superior Court for the District of Columbia, bringing suit "for lying on my position/retaliation/tuition/backpay/assault . . ." Exhibit F (Complaint in *Jordan v. Tiggs*, Civil Action No. 05-1706 (RMU), attached hereto as Attachment 8). The case was subsequently removed to this Court and the Court granted Defendant's Motion for a More Definite Statement. Exhibit G (Docket Sheet for Civil Action No. 05-1706 (RMU), attached hereto as Attachment 9). Plantiff did not respond to the Court's order, and similarly did not respond to the Court's subsequent Order to Show Cause why the case should not be dismissed for failure to prosecute. *Id.* Accordingly, the Court dismissed the action for failure to prosecute on September 16, 2006. *Id.*

[12] Plaintiff also alleges claims of sexual harassment and assault against named Defendant Phillip McHugh, and further asserts that he acted as an accomplice to the "Agency". *See* ECF No. 6 at 4, 7.

Plaintiff seeks the following relief:

(a) Declaratory relief finding Plaintiff was discriminated against based on "her race, sex, age, religion and her having great health";

(b) An Order enjoining Defendant Quander to "remove his-self and any records from making harmful threats" to the Plaintiff and finding Plaintiff's Fifth Amendment property rights were violated;

(c) The following monetary relief:

     i.     Attorney's fees;

     ii.     Back-pay;

     iii.     A total of $105,000,000 to include:

          a.  Tuition reimbursement of $21,858.57;

          b.  The cost of her stolen vehicle, $13,000;

          c.  Damages of $100,000; and

          d.  "reimbursement of discrimination and her being attack with diabetes" of $1,000,000.

ECF No. 6 at 10. Notably, Ms. Jordan has filed a cause of action nearly identical to the present case that is currently pending in the United States District Court for the Eastern District of Virginia, Civil Action No. 11-1029.

## STANDARD OF REVIEW

### I.    Motion To Dismiss Pursuant to Rule 12(b)(1)

A court must dismiss a case when it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies

outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377

(1994); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).  A Rule 12(b)(1)

motion imposes on the court "an affirmative obligation to ensure that it is acting within the scope

of its jurisdictional authority." *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F.

Supp. 2d 9, 13 (D.D.C. 2001).  Accordingly, the "plaintiff's factual allegations in the complaint .

. . will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for

failure to state a claim." *Id.* At 13-14.  Moreover, it is the plaintiff who bears the burden of

establishing that the court has subject-matter jurisdiction.  *See Peter B. v. United States*, 579 F.

Supp. 2d 78, 80 (D.D.C. 2008).  The existence of disputed facts does not preclude a ruling upon

the motion.  "Instead, the court must go beyond the pleadings and resolve any disputed issues of

fact the resolution of which is necessary to a ruling upon the motion to dismiss." *Phoenix*

*Consulting, Inc. v. Republic of Angola*, 216 F.3d 36, 40 (D.C. Cir. 2000).  The court may

therefore consider materials outside the pleadings in determining whether it has jurisdiction.

*Jerome Stevens Pharm., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

## II.      Motion to Dismiss Pursuant to Rule 12(b)(6)

On a motion to dismiss for failure to state a claim upon which relief can be granted

pursuant to Rule 12(b)(6), the Court will dismiss a claim if the complaint fails to plead "enough

facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007), *abrogating Conley v. Gibson*, 355 U.S. 41 (1957).  "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct.

1937, 1949 (2009).  Although the pleading standard "does not require detailed factual

7

allegations," a plaintiff who wishes to survive a Rule 12(b)(6) motion must present factual allegations that are sufficiently detailed "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Hence, the focus is on the language in the complaint and whether that language sets forth sufficient factual allegations to support plaintiff's claims for relief. The court must construe the factual allegations in the complaint in the light most favorable to plaintiff and must grant plaintiff the benefit of all inferences that can be derived from the facts as they are alleged in the complaint. *Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004) (citing *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)). The Court, however, need not accept any inferences or conclusory allegations that are unsupported by the facts pleaded in the complaint, nor does it need to "accept legal conclusions cast in the form of factual allegations." *Kowal*, 16 F.3d at 1276. Under this standard, Plaintiff fails to state a claim against the Defendant upon which relief may be granted.

## ARGUMENT

This Court lacks subject-matter jurisdiction over Plaintiff's Title VII claims. Plaintiff's claims for discrimination and retaliation should be dismissed pursuant to Rule 12(b)(6) because they are untimely under the 90-day Title VII statute of limitations and do not warrant equitable tolling, and Plaintiff has failed to exhaust her administrative remedies with respect to any new claims of retaliation.

With respect to the remainder of the allegations in the Amended Complaint, Plaintiff fails to state a claim upon which relief may be granted. Ms. Jordan's additional claims are frivolous, insufficiently pled, and afford no relief. Specifically, Ms. Jordan invokes Section 1983 against Federal Defendants, however the doctrine of sovereign immunity bars such claims against the

8

United States. Additionally, Section 1983 does not apply to federal officials acting under color of federal law. What's more, Ms. Jordan's purported claims under the Fifth Amendment are insufficiently pled.

**I.     This Court Lacks Subject Matter Jurisdiction Over Federal Defendants Quander, Ormand, and Shaffer With Respect to Plaintiff's Title VII Claims**

Because Plaintiff seeks a remedy pursuant to Title VII alleging discrimination and retaliation while she was employed with PSA, the sole proper defendant with respect to such claims is CSOSA Deputy Director Andrienne R. Poteat, who currently serves as the head of the Agency. Pursuant to 42 U.S.C. § 2000e-16(c), "[t]he only proper defendant in a Title VII suit . . . . is the 'head of the department, agency, or unit' in which the allegedly discriminatory acts transpired.'" *Mason v. African Dev. Found.*, 355 F. Supp. 2d 85, 89 (D.D.C. 2004) (dismissing the named Agency as Defendant where both the Agency and Agency head were named defendants) (citing *Nichols v. Agency for Int'l Dev.*, 18 F. Supp. 2d 1, 3 (D.D.C. 1998) (dismissing case for lack of subject matter jurisdiction where the plaintiff named the agency, instead of the agency head, as defendant)). Given Plaintiff's discrimination and retaliation allegations, Defendants Quander, Ormond, and Shaffer should be dismissed and Ms. Poteat should be substituted with respect to Plaintiff's Title VII claims. *Mason*, 355 F. Supp. 2d at 89.

**II.    Plaintiff's Title VII Claims are Untimely and Must be Dismissed**

A Federal employee seeking to bring a civil action under Title VII must file a civil complaint within 90 days after receiving notice of final action on her administrative complaint. *See* 42 U.S.C. § 2000e-16(c); *accord Howard v. Gutierrez*, 474 F. Supp. 2d 41, 51 (D.D.C. 2007). "Courts apply this limit strictly and 'will dismiss a suit for missing the deadline by even

one day.'" *Woodruff v. Peters*, 482 F.3d 521, 525 (D.C. Cir. 2007) (quoting *Wiley v. Johnson*,

436 F. Supp. 2d 91, 96 (D.D.C. 2006) (granting summary judgment in favor of defendant when

plaintiff filed her Title VII complaint more than 90 days after receiving notice of final agency

action)).  Indeed, a number of actions have been dismissed when a plaintiff filed his or her

complaint one or two days after the 90 day limitations period expired.  *See, e.g.*, *Smith v. Dalton*,

971 F. Supp. 1, 3 (D.D.C. 1997) (granting summary judgment when Title VII complaint was one

day late); *Wolfe v. Danzig*, No. 00-CV- 1458, 2001 WL 1661479, at *4 (D.D.C. June 1, 2001)

(same).

Here, Plaintiff filed her Amended Complaint more than eight years (October 14, 2011)

after the final agency action (June 20, 2003).  Accordingly, it is clear that Ms. Jordan's Title VII

claims stemming from her 2002 EEOC Complaint are untimely under the applicable exhaustion

deadline and thus should be dismissed.

Because a failure to timely exhaust does not pose a jurisdictional bar, Plaintiff may seek

to equitably toll the 90-day statute of limitations to cure the untimeliness of her Amended

Complaint. However, the Court's "power to toll the statute of limitations will be exercised only

in extraordinary and carefully circumscribed instances,"  *Smith –Haynie v. District of Columbia*,

155 F.3d 575, 580 (D.C. Cir. 1998) (quoting *Mondy v. Secretary of the Army*, 845 F.2d 1051,

1057 (D.C. Cir. 1988) and will not be utilized "where the claimant failed to exercise due

diligence in preserving his legal rights." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96

(1990).  "The burden of pleading and proving any excuse for failure to meet the ninety-day filing

limit falls wholly upon the plaintiff." *McAlister v. Potter*, 733 F. Supp. 2d 134, 142 (D.D.C.

2010) (citing *Saltz v. Lehman*, 672 F.2d 207, 209 (D.C. Cir. 1982)).

In the more than 180 documents submitted along with her Amended Complaint, Plaintiff presents no grounds, let alone any virtuous grounds, attempting to excuse her failure to file within the appropriate limitations period. *See* ECF Nos. 6, 8. Indeed, Plaintiff *did* originally file within the 90-day statute of limitations, and now, unhappy with the disposition of that case, in which she fully utilized the 90-day period, now seeks to circumvent the time limits bar despite previously being denied such relief. As noted above, Plaintiff advised this Court in *Jordan I* that she no longer wished to pursue her Title VII claims of discrimination and retaliation against CSOSA. Exhibit D at 1. Nearly a year later, Plaintiff attempted to reopen the suit, pleading that her previous decision to voluntarily dismiss was "based on a misunderstanding of the legal process." *Id.* Noting that Ms. Jordan was at all times represented by counsel, this Court denied Plaintiff's motion, finding that her proffered explanation was insufficient to warrant reopening the case. *Id.* Plaintiff, in filing the instant action, seeks to circumvent the time limits of Title VII, and again offers neither legitimate reason nor extraordinary circumstance warranting a tolling of the limitations period.

## III.    Plaintiff Has Failed to Exhaust Her Administrative Remedies With Respect to Any New Retaliation Claims

Reading Plaintiff's Amended Complaint in the light most favorable to Plaintiff, Ms. Jordan appears to allege that she has been subject to retaliation as a result of her EEOC and legal complaints subsequent to her 2002 EEO Complaint and 2003 civil action. *See* ECF No. 6. Construing this as a new allegation of retaliation under Title VII, such a claim fails as Plaintiff has failed to exhaust her administrative remedies for any alleged acts of retaliation that have occurred subsequent to her 2002 EEO Complaint.

"It is well-established that a federal employee may assert a Title VII claim in federal court only after a timely complaint has been presented to the agency involved." *Hamilton v. Geithner*, 743 F. Supp. 2d 1, 9 (D.D.C. 2010) (quoting *Nurridin v. Goldin*, 382 F. Supp.2d 79, 92 (D.D.C. 2009)).  Thus, "Title VII 'complainants must timely exhaust their administrative remedies before bringing their claims to court.'" *Payne v Salazar*, 619 F.3d 56, 65 (D.C. Cir. 2010) (quoting *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997).   "[A] Title VII plaintiff is required to exhaust his or her administrative remedies with respect to each discrete allegedly discriminatory or retaliatory act.'" *Payne v. Salazar*, 628 F. Supp. 2d 42, 51 (D.D.C. 2009) *rev'd on other grounds, aff'd in part,* 619 F.3d 56, 66 (D.C. Cir. 2010).

In the present case, Ms. Jordan filed an EEOC Complaint on January 8, 2000, alleging CSOSA engaged in illegal discrimination and retaliation with respect to her termination and prior EEO activity, and the Administrative Law Judge issued a final Order on May 30, 2003, finding her claims were without merit.  Insofar as Plaintiff's Amended Complaint is construed to allege that Federal Defendants have engaged in discriminatory or retaliatory action not addressed in her previous EEO Complaints, she has failed to exhaust her administrative remedies and thus this Court should dismiss her claims under Fed. R. Civ. P. 12(b)(6). *See Id.* (Rejecting Plaintiff's argument that her failure to file a subsequent EEO Complaint with respect to new retaliation claims against her federal employer prevented dismissal because her new claim was "like or related to" her prior administrative complaint against her employer, and dismissing under Rule 12(b)(6) for failure to exhaust administrative remedies.)

**IV.    The Court Should Dismiss Plaintiff's Remaining Claims as Frivolous**

This Court should find that Plaintiff's Amended Complaint is jurisdictionally barred as frivolous with respect to the remainder of its claims because it consists of inherently incredible allegations lacking any detail or substance to include stalking, theft, harassment, computer hacking of educational exams, and rape, among other preposterous actions.  ECF No. 6 at 2, 4, 6-9; ECF No. 8.  "Federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit." *Lewis v. Bayh*, 577 F. Supp. 2d 47, 54 (D.D.C. 2008) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)).  "Dismissal under Fed. R. Civ. P. 12(b)(1) is appropriate when a complaint is so 'patently insubstantial' that it presents 'no federal question suitable for decision,'" *Baszak v. FBI, et al.*, No. 10-02019 (ABJ), 2001 WL 4600726 at *2 (D.D.C. Oct. 6, 2011) (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994).  A claim is "patently insubstantial" where it is "flimsier than 'doubtful or questionable' so as to be "essentially fictitious." *Id.* Claims that are essentially ficticious include those that allege "bizarre conspiracy theories, any fantastic government manipulations of their will or mind [or] any sort of supernatural intervention." *Best*, 39 F.3d at 330; *e.g. Tooley v. Napolitano*, 586 F.3d 1006, 1009-10 (D.C. Cir. 2009) (dismissing Plaintiff's claims alleging unlawful surveillance and wiretapping because of their patent insubstantiality); *Roum v. Fenty*, 697 F. Supp. 2d 39, 42 (D.D.C. 2009) (dismissing complaint under 12(b)(1) where Plaintiff alleged "agencies have employed the use of various chemicals and technologies to regularly conduct experiments and surveillance on him over a period spanning more than ten years.") (internal citation omitted).

In the present case, Plaintiff's remaining claims against Defendants Quander, Ormond, and Shaffer are patently insubstantial as they arise from far-fetched allegations of extreme harassment, theft, rape, assault, surveillance, and conspiracy in response to Plaintiff's educational achievement and employment discrimination claims. Ms. Jordan's Amended Complaint and accompanying attachment is comprised almost entirely of preposterous accusations, including assertions that Defendants Quander and Ormond were "harassing plaintiff and watching her dress through MPD phone lines, long-lines, sexually attacking, and fighting her after BA . . .", harassed her "because of her having her tuition paid", that PSA "perform[ed] assaults and brought girls into the office to fight plaintiff," and that "Pau[l] Quander et al, MPD, Phillip McHugh, and [PSA] was illegally hacking phone lines, exams, sexually harassing, using wires, and burning CD's to fight plaintiff with injuries in regards to plaintiff taking NYPD exams and police courses . . . due to job discrimination at CSOSA/PSA," ECF No. 6 at 8-9;ECF No. 8 at 1. As Plaintiff's wild allegations of harassment, attacks, theft, and surveillance are so flimsy as to be essentially fictitious, this Court should dismiss Ms. Jordan's claims against the Federal Defendants as frivolous.

**V.    Plaintiff's Amended Complaint Fails to State a Claim Upon Which Relief May be Granted**

      1.   Plaintiff's Claims are Insufficiently Pled

Plaintiff's Amended Complaint falls short of *Iqbal*'s plausibility requirements as it consists of conclusions void of factual support. To the extent that Ms. Jordan's Amended Complaint may be construed to allege claims against Federal Defendants, they consist of broad accusations of harassment and assault, yet Plaintiff fails to specify any dates or times these

14

alleged harms occurred. *See* ECF Nos. 6, 8.  The Amended Complaint asserts that Defendants

Quander and Ormond "attacked plaintiff in her home," but fails to identify the date, time, or any

specific act taken by Defendants contributing to her conclusory allegation that she was

"attacked." Instead, the Amended Complaint makes general statements about "dirty talk and

raping," "hate fights against plaintiff," "stealing from her bank accounts," and bringing "girls

into the office to assault and fight plaintiff for competitive service. . ." ECF No. 6 at 7, 9.

Plaintiff further appears to assert that Defendant McHugh was an "accomplice" of the "agency,"

yet fails to point to any connection between McHugh and CSOSA nor alleges any knowledge of

McHugh by the Federal Defendants.

Plaintiff's allegations lack sufficient factual content allowing any reasonable inference

that Federal Defendants are liable for the alleged misconduct. *Iqbal*, 29 S. Ct. at 1949-50.

("Although for the purposes of a motion to dismiss we must take all of the factual allegations in

the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual

allegation.'" (internal citation omitted)). Plaintiff fails to allege facts sufficient to state a claim

for relief that is "plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

(2007), and this Court should dismiss the present action.

2.  <u>Plaintiff's Section 1983 Claims are Futile</u>

Plaintiff seeks remedy under Section 1983, alleging "that her civil rights were violated in

that she was [a] federal permanent employee and judicial officer who was only afforded the

rights of a probationary employee[.]"  ECF No. 6 at 2.  However, any monetary claim Plaintiff

wishes to assert against Federal Defendants under Section 1983 must also be dismissed because

there has been no waiver of sovereign immunity for such claim. Moreover, any declaratory or

injunctive relief sought by Plaintiff under Section 1983 is barred as this provision does not apply to a federal officer acting under color of federal law.

A suit against a government official in his or her official capacity "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent," such that "an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v.New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55 (1978); *see also Perkins v. Ashcroft*, 275 Fed. Appx. 17 (D.C. Cir. 2008). ("To the extent appellant was attempting to sue the former Attorney General in his official capacity, the action is barred by sovereign immunity"). Accordingly, Plaintiff's claims against Federal Defendants in their official capacity should be treated as a suit against the United States.

"The Federal Government can only be sued insofar as it has agreed to be sued." *Epps v. U.S. Atty. Gn.,* 575 F. Supp. 2d 232, 238 (D.D.C. 2008) (citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994)). "'Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.'" *Id.* (quoting *FDIC v. Meyer*, 510 U.S. at 475; *see also United States v. Nordic Village*, 503 U.S. 30 (1992)). Congressional consent to suit, a waiver of the government's traditional immunity, must be explicit and is strictly construed. *Library of Congress v. Shaw*, 478 U.S. 310, 318 (1986). Absent clear congressional consent to entertain a claim against the United States, a District Court lacks authority to grant relief. *United States v. Testan*, 424 U.S. 392, 399 (1976). The United States has not waived sovereign immunity as to claims under Section 1983. *See Hohri v. United* States, 782 F.2d 227, 245 (D.C. Cir. 1986) (holding that provisions 42 U.S.C. §§ 1981, 1983, 1985 and 1986, "by their terms, do not apply to actions

against the United States"), vacated on other grounds, 482 U.S. 64, 107 (1987); *see also Graves v. United States*, 961 F. Supp. 314, 318 (D.D.C. 1997) ("[N]either § 1985 nor any other provision of the [Post-Civil War] Civil Rights Act may provide the basis for an action against the United States nor a federal agency.'") (internal citations omitted). This sovereign immunity extends to both government agencies and employees who are sued in their official capacities. *Hazel v. Lapin*, 614 F. Supp. 2d 66, 70 (D.D.C. 2009), Plaintiff's Section 1983 claims against Federal Defendants are barred.

Plaintiff's Section 1983 claim additionally fails because the statute does not apply to a federal official acting under color of federal law. By its plain terms, Section 1983 applies only to actions under color of the law of the states, the District of Columbia, and federal territories. Thus, it is well settled that "Section 1983 does not apply to federal officials acting under color of federal law." *Settles v. United States Parole Comm'n,* 429 F.3d 1098, 1104 (D.C. Cir. 2005); *see also Williams v. United States,* 396 F.3d 412, 414-15 (D.C. Cir. 2005); *Daly-Murphy v. Winston,* 837 F.2d 348, 355 (9th Cir. 1987); *McCord v. Bailey*, 636 F.2d 606, 613 (D.C. Cir. 1980) ("Actions of federal officers are outside of [Section 1983's] proscriptions.") Federal Defendants Quander, Ormand, and Shaffer, named by Plaintiff as Defendants due to their positions as federal employees responsible for "all administrative and personnel decisions," were acting under color of federal law at all times relevant to the allegations set forth in the Amended Complaint[13]. ECF

---

[13] Though a Court may recognize that a Federal official acted under color of state law for purposes of Section 1983 where they have conspired with state officials in committing alleged illegal acts, *Williams v. United States*, 396 F.3d 412, 414 (D.C. Cir. 2005), Plaintiff fails to allege sufficient facts suggesting that Defendants acted under color of state law. Ms. Jordan asserts that "[PSA] threatened Plaintiff with MPD" and refers to Defendant Phillip McHugh as a District of Columbia Police officer and an "accomplice" to the Agency, ECF No. 6 at 7, however, such accusations are mere conclusory claims, insufficient under

No. 6 at 3-4. Plaintiff nowhere alleges that the Federal Defendants acted under color of District

of Columbia law. Thus, the plain language of Section 1983 bars any action against them under

the statute. *See Johnson v. Fenty,* 2010 U.S. App. LEXIS 20555, at *3 (D.C. Cir. Oct. 1, 2010)

(affirming dismissal of Plaintiff's Section 1983 claims against CSOSA employees because

Section 1983 "does not apply to federal officials acting under color of federal law." (quoting

*Settles v. United States Parole Comm'n*, 429 F.3d at 1104)).

    3.   <u>Plaintiff's Claims Under the Fifth Amendment Afford No Remedy</u>

       Finally, Plaintiff additionally appears to bring a claim under the Fifth Amendment

predicated on the same allegations as her Section 1983 action, namely, that she was deprived of

her property rights of her federal employment when she was afforded only the rights of a

probationary employee rather than a permanent employee while working as a PSA Pretrial

Services Officer.  ECF No. 6 at 2, 7. To the extent that Plaintiff alleges that she was deprived of

property without due process, she fails to identify any that she has any valid property interest that

triggers Fifth Amendment due process protection.  Moreover, insofar as Plaintiff appears to

allege such deprivation was a result of discrimination by her employer, Title VII provides her

exclusive remedy and thus a claim under the Fifth Amendment is inappropriate.

       In order to have a valid claim under the Fifth Amendment, Plaintiff must first have "a

property . . . interest that triggers Fifth Amendment due process protection." *C&E Servs., Inc. of*

*Wash. v. Dist. Of Columbia Water & Sewer Auth.,* 310 F.3d 197, 200 (D.C. Cir. 2002) (internal

citations omitted).  Property interests do not arise from the Constitution, but from "state law-

rules or understandings that secure certain benefits that support claims of entitlement to those

---

*Iqbal*, as they plead no facts in relation to any alleged conspiracy or relation between Federal Defendants
and Defendant McHugh. *See* ECF No. 6.

benefits." *Id.* (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972)); *Adv. Sys. Tech., Inc. v. United States*, 69 Fed. Cl. 474, 483 (Fed. Cl. 2006) ("It is well established that there is no Constitutionally protected property interest in a government contract.") (citing *ATL, Inc. v. United States*, 736 F.2d 677, 683 (Fed. Cir. 1984) and *Gonzalez v. Freeman*

        In this case, Plaintiff's Amended Complaint is insufficient to give rise to any legitimate claim of entitlement.  Plaintiff appears to rely on her past employment as a permanent federal employee as affording her entitlement to continued benefits, however Plaintiff acknowledges in her Amended Complaint that her position as a Pretrial Services Officer "carried with it a two-year probationary period for new appointments to the Federal government sector," ECF No. 6 at 5.  Further, as noted above, even were this Court to recognize that Ms. Jordan had a valid employment contract affording her rights of a permanent employee, as noted above, such rights are not Constitutionally protected as a property interest, and any remedies available to her would only be through the Civil Service Reform Act ("CSRA"), not directly under the Constitution. *See Hightower v. United States*, 205 F.Supp.2d 146, 156 (S.D.N.Y. 2002) ("Congress . . . established the [CSRA] as the remedial scheme for the protection of constitutional rights in the field of federal employment," and "[a]n employee's 'employment-related claims alleging constitutional violations are 'prohibited personnel actions' within the meaning of the CSRA." (citing *United States v. Fausto,* 484 U.S. 439, 443 (1988); quoting *Black v. Reno*, No. 99 Civ. 2704, 2000 WL 37991, at *8 (S.D.N.Y. Jan. 18, 2000)); *see also Kalil v. Johanns*, 407 F. Supp. 2d 94, 100 (D.D.C. 2005) (The CSRA is the exclusive mechanism through which a federal employee must challenge prohibited personnel practices.)

        Moreover, to the extent that Plaintiff alleges that her supposed property interest in her employment was violated due to discrimination, Title VII remains her sole remedy.  Plaintiff's

19

Amended Complaint includes a section titled "Plaintiff's Property Rights Under the Fifth Amendment Were Violated," under which Plaintiff alleges deprivation of her status as a permanent employee. ECF No. 6 at 8.  Plaintiff also alleges in that section that Federal Defendants acted adversely towards her "due to race discrimination . . . . fighting her with retaliation claims of job discrimination . . . . [and] harass[ed] plaintiff because of her  . . . filing Sexual Harassment charges."  ECF No. 6 at 8.  Title VII is the "exclusive judicial remedy" for federal employees to challenge employment discrimination based upon their race, national origin, color, or sex, and to challenge any retaliation for the employee's protected EEO activity. *See Brown v. General Serv. Admin.*, 425 U.S. 820, 821 (1976); *Kizas v. Webster*, 707 F.2d 524, 542 (D.C. Cir. 1983); *Cross v. Samper,* 501 F. Supp. 2d 59, 62 (D.D.C. 2007).  Title VII also provides a remedy for sexual harassment claims. *Meritor Savings Bank v. Vinson*, 477 U.S. 57, 64 (1986).  Accordingly, to the extent Plaintiff's claims based on her status as a probationary employee are asserted as discrimination or retaliation claims, Title VII is the sole statutory framework under which Plaintiff may pursue a remedy and thus such claims additionally fail for the reasons previously articulated in this motion.

## <u>CONCLUSION</u>

For the above stated reasons, the Court should dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted.

Date:   November 23, 2011                Respectfully submitted,

                                         RONALD C. MACHEN JR., D.C. Bar #447889
                                         United States Attorney

                                         RUDOLPH CONTRERAS, D.C. Bar #434122
                                         Chief, Civil Division

                                         By:  /s/
                                         _____
                                         ELIZABETH G. WHITE
                                         Special Assistant United States Attorney
                                         555 4th Street, N.W., Rm. E-4411
                                         Washington, D.C. 20530
                                         Tel: (202) 305-9927   Fax: (202) 514-8780
                                         Eli.White@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on November 23, 2011, I caused copies of the foregoing Motion to Dismiss,

Memorandum of Points and Authorities, and Exhibits to be served by first class mail upon:

Consuelo Jordan
2227 1st St. N.W.
Washington, D.C. 20001


/s/
ELIZABETH G. WHITE
Special Assistant United States Attorney
555 4th Street, N.W., Rm. E-4411
Washington, D.C. 20530
Tel: (202) 305-9927   Fax: (202) 514-8780
Eli.White@usdoj.gov